IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OMAR GLASGOW | : | CIVIL ACTION |
| Petitioner | : | |
| v. | : | |
| | : | |
| JEROME WALSH, et al. | : | |
| Respondents | : | No. 11-3155 |

**MEMORANDUM**

J. WILLIAM DITTER, JR., J                                                              February 25, 2014

Presently before me is a pro se motion for reconsideration of my order dated December 18, 2013, denying Petitioner's petition for a writ of habeas corpus. For the reasons that follow, the motion for reconsideration is denied.

**FACTS AND PROCEDURAL HISTORY:**

On May 13, 2011, Petitioner filed a pro se petition for a writ of habeas corpus challenging his judgment of sentence for third-degree murder and various offenses. In support thereof, Petitioner asserted the following claims:

> 1) a structural error occurred at trial when Petitioner's co-defendant pleaded guilty after the jury was empaneled;
>
> 2) trial counsel was ineffective for failing to request a mistrial when Petitioner's co-defendant pleaded guilty after the jury was empaneled;
>
> 3) trial counsel was ineffective for stipulating to the admissibility of preliminary hearing testimony due to the unavailability of the assault victim as a witness; and
>
> 4) he was denied meaningful access to the courts and constructively denied his constitutional right to effective assistance of counsel when the evidence was insufficient to support his convictions.

After review of the arguments and evidence, I found that Petitioner's claims were meritless and/or procedurally defaulted. As a result, I denied the petition with prejudice and without a hearing, and ordered that a certificate of appealability not be issued. On January 28, 2014, Petitioner filed the instant motion for reconsideration, asking me to withdraw my order and grant <u>habeas</u> relief.

**DISCUSSION:**

Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7.1(g) of the United States District Court for the Eastern District of Pennsylvania allow parties to file motions for reconsideration or amendment of a judgment. Fed. R. Civ. P. 59(e); E.D. Pa. R. Civ. P. 7.1(g). In discussing the standard of relief under 59(e), the Third Circuit Court of Appeals has stated:

> The scope of a motion for reconsideration, we have held, is extremely limited. Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence. <u>Howard Hess Dental Labs., Inc. V. Dentsply Int'l Inc.</u>, 602 F.3d 237, 251 (3d Cir. 2010). "Accordingly, a judgment may be altered or amended [only] if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [denied the petition for writ of habeas corpus]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." <u>Id.</u>

<u>Blystone v. Horn</u>, 664 F.3d 397, 415 (3d Cir. 2011).

Here, Petitioner's motion must be denied because it is an attempt to relitigate his <u>habeas</u> petition. He does not point to an intervening change in the controlling law or new

evidence. To the extent that Petitioner attempts to point to a "clear error of law" that would compel reconsideration, I find that he merely sets forth the same arguments presented, and rejected, in his original <u>habeas</u> petition. As a result, he has failed to present any evidence that would compel reconsideration of my decision regarding the constitutionality of the jury selection process, the effective assistance of his counsel, or the ability of this court to review his procedurally defaulted claims.

**CONCLUSION:**

In sum, Petitioner's arguments for reconsideration are unpersuasive. He does not point to any "new" factual or legal issue that would alter my disposition of this matter, nor does he present any clear error of law or fact that would necessitate a different ruling. Furthermore, he has not demonstrated that manifest injustice will result from my ruling. As a result, his motion to reconsider is denied.

An appropriate order follows.